12

1   Edward W. Larkin (*pro hac vice*)
    elarkin@gibbonslaw.com
2   Daniel S. Weinberger (*pro hac vice*)
    dweinberger@gibbonslaw.com
3   **GIBBONS P.C.**
    One Pennsylvania Plaza, 37th Floor
4   New York, NY 10119-3701
    Tel:   (212) 613-2000
5   Fax:   (212) 290-2018

6   Diana Hughes Leiden (SBN: 267606)
    dhleiden@winston.com
7   Justin Bongco (SBN: 324415)
    jbongco@winston.com
8   **WINSTON & STRAWN LLP**
    333 South Grand Avenue
9   Los Angeles, CA 90071-1543
    Tel:   (213) 615-1700
10  Fax:   (213) 615-1750

11  *Attorneys for Defendants* SSI (US), INC. d/b/a SPENCER STUART and SPENCER
    STUART, INC. and *Counterclaim-Plaintiffs* SSI (US), INC. d/b/a SPENCER
12  STUART, SPENCER STUART INTERNATIONAL IRELAND LTD. and SPENCER
    STUART INTERNATIONAL B.V.

13

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16  JUSTIN MENKES,                    **Case No. 2:19-cv-01367-PSG-AGR**

17          Plaintiff,                **[DISCOVERY MATTER]**

18      v.                            [~~PROPOSED~~] **STIPULATED
                                       PROTECTIVE ORDER**
19  SSI (US), INC., a Delaware
    corporation, d/b/a SPENCER        **Hon. Alicia G. Rosenberg**
20  STUART, and SPENCER STUART,
    INC.,
21
            Defendants.
22
    SSI (US), INC., et al.,
23
            Counterclaim-Plaintiffs,
24
        v.
25
    JUSTIN MENKES, et al.,
26
            Counterclaim-Defendants.
27

28

─────────────────────────────────

**MANDATORY
CHAMBERS COPY**

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.2.2 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

2.    **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect trade secret information, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for trade secret information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    **DEFINITIONS**

3.1    "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

2

1   under Federal Rule of Civil Procedure 26(c).

2       3.2   Counsel (without qualifier): Outside Counsel of Record and House

3   Counsel (as well as their support staff).

4       3.3   Designating Party: A Party or Non-Party that designates information or

5   items that it produces in disclosures or in responses to discovery as

6   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7   ONLY."

8       3.4   Disclosure or Discovery Material: All items or information, regardless of

9   the medium or manner in which it is generated, stored, or maintained (including,

10   among other things, testimony, transcripts, and tangible things), that are produced or

11   generated in disclosures or responses to discovery in this matter.

12       3.5   Expert: A person with specialized knowledge or experience in a matter

13   pertinent to the litigation who has been retained by a Party or its counsel to serve as an

14   expert witness or as a consultant in this action, (2) is not a party or current employee

15   of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated

16   to become an employee of a Party or of a Party's competitor.

17       3.6   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18   Information or Items: Extremely sensitive "Confidential Material," disclosure of

19   which to another Party or Non-Party would create a substantial risk of serious harm

20   that could not be avoided by less restrictive means.

21       3.7   House Counsel: Attorneys who are employees of a Party to this action, or

22   who are not employed by a Party but serve in a similar role as in-house counsel.

23       3.8   Non-Party: Any natural person, partnership, corporation, association, or

24   other legal entity not named as a Party to this action.

25       3.9   Outside Counsel of Record: Attorneys who are not employees of a party

26   to this action but are retained to represent or advise a party to this action and have

27   appeared in this action on behalf of that party or are affiliated with a law firm which

28   has appeared on behalf of that party.

1    3.10   <u>Party</u>: Any party to this action, including all of its officers, directors,

2    employees, consultants, retained experts, and Outside Counsel of Record (and their

3    support staffs).

4    3.11   <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or

5    Discovery Material in this action.

6    3.12   <u>Professional Vendors</u>: Persons or entities that provide litigation support

7    services (e.g., photocopying, videotaping, translating, preparing exhibits or

8    demonstrations, and organizing, storing, or retrieving data in any form or medium)

9    and their employees and subcontractors.

10    3.13   <u>Protected Material</u>: Any Disclosure or Discovery Material that is

11    designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12    EYES ONLY."

13    3.14   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material

14    from a Producing Party.

15    **4.    SCOPE**

16    The protections conferred by this Stipulation and Order cover not only

17    Protected Material (as defined above), but also (1) any information copied or extracted

18    from Protected Material; (2) all copies, excerpts, summaries, or compilations of

19    Protected Material; and (3) any testimony, conversations, or presentations by Parties

20    or their Counsel that might reveal Protected Material. However, the protections

21    conferred by this Stipulation and Order do not cover the following information: (a)

22    any information that is in the public domain at the time of disclosure to a Receiving

23    Party or becomes part of the public domain after its disclosure to a Receiving Party as

24    a result of publication not involving a violation of this Order, including becoming part

25    of the public record through trial or otherwise; and (b) any information known to the

26    Receiving Party prior to the disclosure or obtained by the Receiving Party after the

27    disclosure from a source who obtained the information lawfully and under no

28    obligation of confidentiality to the Designating Party. Any use of Protected Material at

1    trial shall be governed by a separate agreement or order.

2    **5.**    **DURATION**

3       Even after final disposition of this litigation, the confidentiality obligations

4    imposed by this Order shall remain in effect until a Designating Party agrees

5    otherwise in writing or a court order otherwise directs. Final disposition shall be

6    deemed to be the later of (1) dismissal of all claims and defenses in this action, with or

7    without prejudice; and (2) final judgment herein after the completion and exhaustion

8    of all appeals, rehearings, remands, trials, or reviews of this action, including the time

9    limits for filing any motions or applications for extension of time pursuant to

10    applicable law.

11    **6.**    **DESIGNATING PROTECTED MATERIAL**

12       6.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

13    Each Party or Non-Party that designates information or items for protection under this

14    Order must take care to limit any such designation to specific material that qualifies

15    under the appropriate standards. The Designating Party must designate for protection

16    only those parts of material, documents, items, or oral or written communications that

17    qualify—so that other portions of the material, documents, items, or communications

18    for which protection is not warranted are not swept unjustifiably within the ambit of

19    this Order.

20       Mass, indiscriminate, or routinized designations are prohibited. Designations

21    that are shown to be clearly unjustified or that have been made for an improper

22    purpose (e.g., to unnecessarily encumber or retard the case development process or to

23    impose unnecessary expenses and burdens on other parties) expose the Designating

24    Party to sanctions. If it comes to a Designating Party's attention that information or

25    items that it designated for protection do not qualify for protection, that Designating

26    Party must promptly notify all other Parties that it is withdrawing the mistaken

27    designation.

28

1    **6.2**    Manner and Timing of Designations.  Except as otherwise provided in

2    this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that

3    qualifies for protection under this Order must be clearly so designated before the

4    material is disclosed or produced.

5    Designation in conformity with this Order requires:

6    (a)    for information in documentary form (e.g., paper or electronic

7    documents, but excluding transcripts of depositions or other pretrial or trial

8    proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

9    "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to each page that

10   contains protected material. If only a portion or portions of the material on a page

11   qualifies for protection, the Producing Party also must clearly identify the protected

12   portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-

13   Party that makes original documents or materials available for inspection need not

14   designate them for protection until after the inspecting Party has indicated which

15   material it would like copied and produced. During the inspection and before the

16   designation, all of the material made available for inspection shall be deemed

17   "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the inspecting

18   Party has identified the documents it wants copied and produced, the Producing Party

19   must determine which documents, or portions thereof, qualify for protection under this

20   Order. Then, before producing the specified documents, the Producing Party must

21   affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S

22   EYES ONLY" legend to each page that contains Protected Material. If only a portion

23   or portions of the material on a page qualifies for protection, the Producing Party also

24   must clearly identify the protected portion(s) (e.g., by making appropriate markings in

25   the margins).

26   (b)    for testimony given in deposition, ~~or in other pretrial or trial~~

27   ~~proceedings,~~ the Designating Party identify on the record, before the close of the

28   deposition, hearing, or other proceeding, all protected testimony and specify the level



6

1  of protection being asserted. When it is impractical to identify separately each portion

2  of testimony that is entitled to protection and it appears that substantial portions of the

3  testimony may qualify for protection, the Designating Party may invoke on the record



4  (before the deposition, hearing, or other proceeding is concluded) a right to have up to

5  21 days to identify the specific portions of the testimony as to which protection is

6  sought and to specify the level of protection being asserted. Only those portions of the

7  testimony that are appropriately designated for protection within the 21 days shall be

8  covered by the provisions of this Stipulated Protective Order.

9          Transcripts containing Protected Material shall have an obvious legend

10  on the title page that the transcript contains Protected Material, and the title page shall

11  be followed by a list of all pages (including line numbers as appropriate) that have

12  been designated as Protected Material and the level of protection being asserted by the

13  Designating Party. The Designating Party shall inform the court reporter of these

14  requirements. Any transcript that is prepared before the expiration of a 21-day period

15  for designation shall be treated during that period as if it had been designated

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

17  otherwise agreed. After the expiration of that period, the transcript shall be treated

18  only as actually designated.  The interim treatment of transcripts as "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not affect the rights of the

20  individuals identified in Section 8.3 to attend the entirety of any deposition taken in

21  this matter under the conditions stipulated to in Section 8.3.

22          (c)    for information produced in some form other than documentary

23  and for any other tangible items, that the Producing Party affix in a prominent place

24  on the exterior of the container or containers in which the information or item is stored

25  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S

26  EYES ONLY." If only a portion or portions of the information or item warrant

27  protection, the Producing Party, to the extent practicable, shall identify the protected

28  portion(s) and specify the level of protection being asserted.

6.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with this Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

The challenging party shall initiate the dispute resolution process under Local Rule 37.1 et seq.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

**8.   ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

1    8.2    Disclosure of "CONFIDENTIAL" Information or Items.

2    Unless otherwise ordered by the Court or permitted in writing by the

3    Designating Party, a Receiving Party may disclose any material designated

4    "CONFIDENTIAL" only to:

5    (a)    The Receiving Party's Outside Counsel of Record in this action

6    and employees of Outside Counsel of Record to whom disclosure is reasonably

7    necessary;

8    (b)    The officers, directors, and employees (including House Counsel)

9    of the Receiving Party to whom disclosure is reasonably necessary for this litigation

10   and who have signed the "Acknowledgement and Agreement to Be Bound"

11   (Exhibit A);

12   (c)    Experts (as defined in this Order) of the Receiving Party to whom

13   disclosure is reasonably necessary, and who have signed the "Acknowledgement and

14   Agreement to Be Bound" (Exhibit A);

15   (d)    The Court and its personnel;

16   (e)    Court reporters and their staff, professional jury or trial

17   consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably

18   necessary, and who have signed the "Acknowledgement and Agreement to Be Bound"

19   (Exhibit A);

20   (f)    During their depositions, witnesses in the action to whom

21   disclosure is reasonably necessary and who have signed the "Acknowledgment and

22   Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

23   Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

24   depositions that reveal Protected Material must be separately bound by the court

25   reporter and may not be disclosed to anyone except as permitted under this Stipulated

26   Protective Order;

27   (g)    The author or recipient of a document containing the information

28   or a custodian or other person who otherwise possessed or knew the information.

9

1       8.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2  ONLY" Information or Items.

3       Unless otherwise ordered by the Court or permitted in writing by the

4  Designating Party, a Receiving Party may disclose any material designated "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

6       (a)   The Receiving Party's Outside Counsel of Record in this action

7  and employees of outside counsel of record to whom disclosure is reasonably

8  necessary;

9       (b)   The following specified House Counsel, for purposes of managing

10  the litigation and the activities of outside counsel only:  Dave Rasmussen and

11  Maribeth Hoffman for Defendants and Counterclaim-Plaintiffs, and a House Counsel

12  for Counterclaim-Defendant PositionMatch LLC, whose name may be provided after

13  entry of this Order, once each individual has signed the "Acknowledgment and

14  Agreement to be Bound" (Exhibit A).

15       (c)   Experts (as defined in this Order) of the Receiving Party to whom

16  disclosure is reasonably necessary, and who have signed the "Acknowledgement and

17  Agreement to Be Bound" (Exhibit A);

18       (d)   The Court and its personnel;

19       (e)   Court reporters and their staff, professional jury or trial

20  consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably

21  necessary, and who have signed the "Acknowledgement and Agreement to Be Bound"

22  (Exhibit A);

23       (f)   During their depositions, witnesses in the action to whom

24  disclosure is reasonably necessary and who have signed the "Acknowledgment and

25  Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

26  Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

27  depositions that reveal Protected Material must be separately bound by the court

28  reporter and may not be disclosed to anyone except as permitted under this Stipulated

1   Protective Order; and

2      (g) The author or recipient of a document containing the information

3   or a custodian or other person who otherwise possessed or knew the information.

4      (h) Dave Rasmussen, Maribeth Hoffman and a separate Spencer Stuart

5   professional with knowledge of Spencer Stuart's trade secrets and confidential

6   information relating to the Counterclaims (which individual shall be identified prior to

7   the commencement of depositions in this action) for Defendants and Counterclaim-

8   Plaintiffs, and Dr. Justin Menkes for Plaintiff and Counterclaim-Defendants, once

9   each individual has signed the "Acknowledgement and Agreement to Be Bound"

10   (Exhibit A), may attend the entirety of any deposition taken in this matter, even if

11   information considered by a party to be "HIGHLY CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY" is disclosed at the deposition or documents marked

13   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are used as at the

14   deposition.  Subsequent to the deposition, and except as otherwise permitted pursuant

15   to this Stipulated Protective Order, these individuals cannot review any portion of the

16   transcript designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

17   or any exhibits designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18   ONLY."

19   **9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

20     **IN OTHER LITIGATION**

21     If a Party is served with a subpoena or a court order issued in other litigation

22   that compels disclosure of any information or items designated in this action as

23   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24   ONLY," that Party must:

25      (a) Promptly notify in writing the Designating Party. Such notification

26   shall include a copy of the subpoena or court order;

27      (b) Promptly notify in writing the party who caused the subpoena or

28   order to issue in the other litigation that some or all of the material covered by the

1  subpoena or order is subject to this Protective Order. Such notification shall include a

2  copy of this Stipulated Protective Order; and

3            (c)    Cooperate with respect to all reasonable procedures sought to be

4  pursued by the Designating Party whose Protected Material may be affected.

5        If the Designating Party timely seeks a protective order, the Party served with

6  the subpoena or court order shall not produce any information designated in this

7  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

8  EYES ONLY" before a determination by the court from which the subpoena or order

9  issued, unless the Party has obtained the Designating Party's permission. The

10  Designating Party shall bear the burden and expense of seeking protection in that

11  court of its confidential material—and nothing in these provisions should be construed

12  as authorizing or encouraging a Receiving Party in this action to disobey a lawful

13  directive from another court.

14  **10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

15              **PRODUCED IN THIS LITIGATION**

16            (a)    The terms of this Order are applicable to information produced by

17  a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by

19  Non-Parties in connection with this litigation is protected by the remedies and relief

20  provided by this Order.  Nothing in these provisions should be construed as

21  prohibiting a Non-Party from seeking additional protections.

22            (b)    In the event that a Party is required, by a valid discovery request,

23  to produce a Non-Party's confidential information in its possession, and the Party is

24  subject to an agreement with the Non-Party not to produce the Non-Party's

25  confidential information, then the Party shall:

26                 (1)    Promptly notify in writing the Requesting Party and the

27               Non-Party that some or all of the information requested is subject to a

28               confidentiality agreement with a Non-Party;

1              (2)     Promptly provide the Non-Party with a copy of the

2   Stipulated Protective Order in this litigation, the relevant discovery request(s),

3   and a reasonably specific description of the information requested; and

4              (3)     Make the information requested available for inspection by

5   the Non-Party.

6             (c)    If the Non-Party fails to object or seek a protective order from this

7   court within 14 days of receiving the notice and accompanying information, the

8   Receiving Party may produce the Non-Party's confidential information responsive to

9   the discovery request. If the Non-Party timely seeks a protective order, the Receiving

10   Party shall not produce any information in its possession or control that is subject to

11   the confidentiality agreement with the Non-Party before a determination by the court.

12   Absent a court order to the contrary, the Non-Party shall bear the burden and expense

13   of seeking protection in this court of its Protected Material.

14   **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16   Protected Material to any person or in any circumstance not authorized under this

17   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

18   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

19   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

20   persons to whom unauthorized disclosures were made of all the terms of this Order,

21   and (d) request such person or persons to execute the "Acknowledgment and

22   Agreement to Be Bound" that is attached hereto as Exhibit A.

23   **12.    MISCELLANEOUS**

24        12.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

25   person to seek its modification by the court in the future.

26        12.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

27   Protective Order no Party waives any right it otherwise would have to object to

28   disclosing or producing any information or item on any ground not addressed in this

1  Stipulated Protective Order. Similarly, no Party waives any right to object on any

2  ground to use in evidence of any of the material covered by this Protective Order.

3       12.3  <u>Filing Protected Material</u>. Without written permission from the

4  Designating Party or a court order secured after appropriate notice to all interested

5  persons, a Party may not file in the public record in this action any Protected Material.

6  A Party that seeks to file under seal any Protected Material must comply with Civil

7  Local Rule 79-5.2.2. Protected Material may only be filed under seal pursuant to a

8  court order authorizing the sealing of the specific Protected Material at issue.

9  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

10  establishing that the Protected Material at issue is privileged, protectable as a trade

11  secret, or otherwise entitled to protection under the law.

12  **13.    FINAL DISPOSITION**

13       Within 60 days after the final disposition of this action, each Receiving Party

14  must return all Protected Material to the Producing Party or destroy such material. As

15  used in this subdivision, "all Protected Material" includes all copies, abstracts,

16  compilations, summaries, and any other format reproducing or capturing any of the

17  Protected Material. Whether the Protected Material is returned or destroyed, the

18  Receiving Party must submit a written certification to the Producing Party (and, if not

19  the same person or entity, to the Designating Party) by the 60 day deadline that (1)

20  identifies (by category, where appropriate) all the Protected Material that was returned

21  or destroyed and (2) affirms that the Receiving Party has not retained any copies,

22  abstracts, compilations, summaries or any other format reproducing or capturing any

23  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

24  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

25  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

26  reports, attorney work product, and consultant and expert work product, even if such

27  materials contain Protected Material. Any such archival copies that contain or

28

1  constitute Protected Material remain subject to this Protective Order as set forth in

2  Section 5 (DURATION).

3

4  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

5  Dated:  January 16, 2020          BOIES SCHILLER FLEXNER LLP

6

7                                    By:  /s/ *Shira Liu*
                                         Shira Liu
8                                        *Attorneys for Plaintiff-Counterdefendant*
                                         JUSTIN MENKES *and Counterdefendant*
                                         POSITIONMATCH LLC
9

10 Dated:  January 16, 2020          WINSTON & STRAWN LLP

11

12                                   By:  /s/ *Diana Hughes Leiden*
                                         Diana Hughes Leiden
13                                       *Attorneys for Defendants* SSI (US), Inc.
                                         d/b/a SPENCER STUART and SPENCER
14                                       STUART, INC. *and Counterclaim*
                                         *Plaintiffs* SSI (US), INC. d/b/a SPENCER
15                                       STUART, SPENCER STUART
                                         INTERNATIONAL IRELAND LTD. and
16                                       SPENCER STUART INTERNATIONAL
                                         B.V.
17

18 Dated:  January 16, 2020          GIBBONS PC

19

20                                   By:  /s/ *Edward W. Larkin*
                                         Edward W. Larkin
21                                       *Attorneys for Defendants* SSI (US), Inc.
                                         d/b/a SPENCER STUART and SPENCER
22                                       STUART, INC. *and Counterclaim*
                                         *Plaintiffs* SSI (US), INC. d/b/a SPENCER
23                                       STUART, SPENCER STUART
                                         INTERNATIONAL IRELAND LTD. and
24                                       SPENCER STUART INTERNATIONAL
                                         B.V.

25 **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

26 Dated: 1/29/2020          *Alicia G. Rosenberg*

27                          Hon. Alicia G. Rosenberg
                            United States Magistrate Judge
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATION**

I, Diana Hughes Leiden, am the ECF user whose ID and password are being used to file this Joint Stipulation.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories to this document concurred in this filing.

Dated:  January 16, 2020                    By: */s/ Diana Hughes Leiden*
                                                         Diana Hughes Leiden

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on _____ in the case of *Justin Menkes, et al.*

*v. SSI (US)* Case No. 2:17-cv-07435-JFW (Ex). I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____